## HIRAM S. WILLIAMS *v.* MARTHA LAMS.

**Duress—Signing of Note—Testimony Conflicting.**

Where the testimony shows that a plaintiff was not in actual danger of violence or made an assignment of a note through intimidation or fear, he cannot recover property so given in settlement of a suit.

APPEAL FROM MADISON CIRCUIT COURT.

June 1, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant was held for trial for bastardy in the Estill county court, on the complaint of the appellee, Martha J. Lams, and for the ostensible purpose of avoiding the prosecution and satisfying the complaint against him, he assigned to her the amount of a note for $600, which he held on Presby Oldham, except $50 thereof which he assigned to Col. S. M. Barnes, to satisfy his fee as an attorney employed to prosecute the charge against him.

He afterwards brought this suit to cancel his assignments and recover back the note or the amount of it, on the alleged grounds that it was wrongfully extorted from him by means of threats of violence and intimidation used for the purpose by the father, brother and other friends of said Martha J. Lams, and for no good or valuable consideration, he being, as he alleged, innocent of the offense charged against him.

Although there is evidence, particularly of the declarations of the appellee, which conduces to the conclusion that the appellant was not guilty of the charge of bastardy which she professed against him, and although on the occasion of the assignment of the note, the father and brother of the appellee were present, and manifested some unfriendly feeling towards the appellant, who, according to some of the witnesses, was alarmed and apprehensive of danger from them, the evidence on that subject is not such as to satisfy us either that he was in danger of violence or made the assignment through intimidation or fear; on the contrary it is most probable and reasonable that he made the assignment to compromise the prosecution and avoid further responsibility to the appellee, and it seems to us, therefore, that his petition was properly dismissed.

Wherefore, the judgment is *affirmed.*

As the cross-appeal seeks a reversal against Oldham, who is not an appellant, the same is dismissed.

*Turner, for appellant.*

*Burnam, for appellee.*